Case 4:26-cv-00748   Document 5   Filed 02/27/26 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
February 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAYANIS AGUILAR PARADA, § <br> § <br> Petitioner, § <br> § <br> VS. § <br> § <br> KRISTI NOEM, *et al.*, § <br> § <br> Respondents. § | CIVIL ACTION NO. 4:26-CV-00748 |

## ORDER OF DISMISSAL

The petitioner, Dayanis Aguilar Parada, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging her continued detention. Doc. No. 1.

While this case was pending, the Fifth Circuit decided *Buenrostro-Mendez v. Bondi*, --- F.4th ----, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

The petition and attached exhibits reflect that Petitioner is a noncitizen who entered the United States in 2020 and has been charged with having entered the United States without admission or inspection. Doc. No. 1 at 2. Petitioner contends that she is entitled to a bond hearing under 8 U.S.C. § 1226(a), the statute permitting discretionary bond, and that she has been erroneously categorized as a detainee subject to mandatory detention under 8 U.S.C. § 1225(b).

Petitioner's arguments regarding sections 1225 and 1226 and their implementing regulations are foreclosed by *Buenrostro-Mendez, supra*. Likewise, Petitioner's arguments regarding the class action in *Maldonado Bautista v. Santacruz*, --- F.Supp.3d ----, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), fail because they are based on an interpretation of sections 1225 and 1226 that was rejected in *Buenrostro-Mendez. See Maldonado Bautista*, 2025 WL 3713987, at *8-12. In addition, Petitioner's Fifth Amendment Due Process Clause claims are precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").

Accordingly, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) is **DENIED**.
2. This case is **DISMISSED without prejudice**.
3. All other pending motions, if any, are **DENIED as MOOT**.

4. If the Fifth Circuit, *en banc*, or the United States Supreme Court enters a decision that is contrary to the decision in *Buenrostro-Mendez v. Bondi*, *supra*, Petitioner is granted leave to file a motion for reconsideration or initiate a separate petition.

**SO ORDERED.**

SIGNED this 27th day of February 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE